U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 2 9 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RICK F. JANIES** | |
| | **CIVIL ACTION NO. 05-1628** |
| -vs- | |
| | **JUDGE TRIMBLE** |
| **METROPOLITAN LIFE INSURANCE COMPANY** | |

## MEMORANDUM RULING

Presently before the court is a motion to for summary judgment [Doc. #4] filed by defendant Metropolitan Life Insurance Company ("MetLife"). Plaintiff Rick F. Janies ("Janies") opposes the motion [#21]. MetLife also filed a reply to Janies's response [#24]. For the following reasons, the motion will be GRANTED.

## I. FACTUAL BACKGROUND

Janies began working for CITGO Petroleum Corporation ("CITGO") in 1984 as an event coordinator, coordinating training classes, arranging seminars, and planning educational events for employees, among other duties. Pl.'s Resp. 1-2. In 2002, he started suffering from "severe health problems" and has been disabled since 13 January 2003. Pet. ¶ 2. As a CITGO employee, Janies participated in the company's long-term disability plan ("plan"), covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), which provided replacement of a "reasonable portion" of an employee's income lost due to

a disability.[1] Def.'s Ex. A, M0002. The plan's benefits were paid through an insurance policy issued to CITGO by MetLife. After becoming ill, Janies submitted a claim for long term disability benefits in 2003. A statement in support of the claim signed by Ronald Lewis, M.D., Janies's attending physician, indicated a primary diagnosis of hypertension and type-2 diabetes mellitus and a secondary diagnosis of post traumatic stress disorder. MetLife notified Janies of the approval of his claim on or about 29 August 2003.

As of 14 July 2004, twelve months after Janies's benefits became payable, the plan required him to meet its definition of disability. Specifically, it required him to demonstrate that he was "unable to earn more than 60% of [his] Indexed Predisability Earnings from any employer in [his] Local Economy at any gainful occupation for which [he is] reasonably qualified taking into account [his] training, education, experience and Predisability Earnings." Id., M0014. Having not received any relevant information, MetLife wrote to Janies on 14 February 2005 to inform him of the termination of his claim.

Janies requested a review of this decision on 16 March 2005 and provided "office notes and physical exam findings and test results from all treating physicians from October 1, 2004." Id., M0178. The Nurse Consulant chosen by MetLife to review the decision determined that there was no medical evidence to "support severity of impairment (physical or mental) by way of objective medical findings from any of the above listed diagnosis [sic]." Id., M0146. Janies appealed the Nurse Consultant's findings in a letter dated 26 April 2005.

---

[1] ERISA applies to "any employee benefit plan if it is established or maintained . . . by an employer engaged in commerce," and therefore, it clearly applies to the plan here at issue. 29 U.S.C. § 1003(a)(1).

MetLife referred the case to two physician consultants, Derrick A. Bailey, M.D. and L. Kessler, M.D. Finding "no support for functional limitations," Dr. Bailey observed little in the medical records "which would disable this claimant on a physical basis." Id., M0151. He opined that Janies's hypertension and diabetes could have been controlled better, possibly due to Janies's lack of compliance "with diet and possibly treatment as well." Id., M0152. An addendum to this initial finding based on additional medical records supplied found that no change in the initial determination was warranted. Def.'s Ex. A, M0163. Dr. Kessler determined that "the documentation provided was insufficient to support a diagnosis of [post traumatic stress disorder] or any other psychiatric disorder." Id., M0166. He further found that the record lacked "evidence to show participation in appropriate care, and resultant functional limitations from 1/14/2005." Id. MetLife subsequently upheld the denial.

Janies filed the instant lawsuit in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, on 4 August 2005, seeking all benefits due to him from the plan as well as state statutory penalties. MetLife timely removed the case to this court.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).[2] Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case,

---

[2] Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Plaintiff failed to provide any factual opposition to the statement of material facts provided by defendant. Thus, the facts set forth in defendant's statement are deemed admitted in accordance with Local Rule 56.2. Williams v. U.S. Support Co., No. 04-2559, 2005 WL 2008664, at *1(W.D. La. Aug. 19, 2005).

and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

## III. DISCUSSION

The question before the court in this motion is whether MetLife improperly terminated Janies's benefits under the plan. For factual determinations under ERISA plans such as the one currently before us, we apply the abuse of discretion standard of review.[3] Pierre v. Connecticut General Life Ins. Co./Life Ins. Co. of North America, 932 F.2d 1552, 1562 (5th Cir. 1991). As MetLife acts as both insurer and administrator here, its decision as administrator is entitled to less deference, given the sliding scale approach adopted by the

---

[3] We do not find, as plaintiff suggests, that interpretation of plan terms is at issue here. See Pl.'s Opp. 3-4.

Fifth Circuit. See Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 298 (5th Cir. 1999). When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999). A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." Id. (quoting Wildbur v. ARCO Chem. Co., 974 F.2d 631, 639 (5th Cir. 1992).

Janies's petition makes a demand for penalties under Louisiana law governing payment of insurance claims. LA. REV. STAT. §§ 22:656-57. ERISA preempts all state laws insofar as they "relate" to an employee benefit plan covered by the Act. 29 U.S.C. § 1144(a); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S. Ct. 478, 482-483 (1990); Trans. Hosps. Corp. v. Blue Cross and Blue Shield of Tex., Inc., 164 F.3d 952, 954 (5th Cir. 1999). In Ingersoll-Rand, the Supreme Court further stated that, "[u]nder this 'broad common sense meaning,' a state law may 'relate to' a benefit plan even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand, 498 U.S. at 139, 111 S. Ct. at 482-83 (citations omitted). The Supreme Court has also indicated that the civil enforcement provisions of section 1132(a) are the exclusive remedies available under ERISA. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146-47, 105 S. Ct. 3085, 3092-93 (1985). ERISA does not provide a remedy of penalties to a party seeking to recover benefits due to him under the terms of his insurance plan. See 29 U.S.C. § 1132(a)(1)(B); cf. Hicks v. CNA Ins. Co., 4 F. Supp. 2d 576, 579-80 (E.D. La. 1998) (finding

that ERISA preempts state law remedy of penalties and granting defendant's motion to strike plaintiff's demand for penalties); Rasmussen v. Metropolitan Life Ins. Co., 675 F. Supp. 1497, 1504 (W.D. La. 1987) (finding that ERISA preempts state law claims for penalties). Thus, Janies cannot recover on a claim for penalties. Accordingly, the court dismisses his demand for penalties.

Janies urges the court to consider the 7 June 2006 decision of the Social Security Administration finding that he was disabled from 13 January 2003 through the date of the decision. This decision was not part of the administrative record used to determine that Janies's long term disability benefits should be terminated effective 15 January 2005. "A long line of Fifth Circuit cases stands for the proposition that, when assessing factual questions, the district court is constrained to the evidence before the plan administrator." See Vega, 188 F.3d at 299 (citations omitted); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5th Cir. 1993) (considering "only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination"); cf. Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 394-395 (5th Cir. 2006) (finding that district court erred in considering evidence not in administrative record). Accordingly, we do not consider this decision in reaching our determination.

MetLife's denial of Janies's claim for benefits was based on the conclusions of its own medical personnel and the analyses of independent physicians. Janies places special weight on the conclusions of his own treating physician. Nothing in ERISA, however, "suggests that plan administrators must accord special deference to the opinions of treating

physicians." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 823, 123 S. Ct. 1965, 1966 (2003 ). Additionally, courts may not "impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." Id. at 824, 123 S. Ct. at 1967; see also Meditrust, 168 F.3d at 215 (finding that administrator of disability plan did not abuse its discretion by denying claim after reviewing claimant's hospital records and having its non-specialist physicians review claim); Chandler v. Hartford Life, 178 F. App'x 365, 369 (5th Cir. 2006) (concluding that administrator's denial of plaintiff's claim for benefits under ERISA plan was not abuse of discretion and affirming summary judgment). In spite of his emphasis on his treating physician's medical opinions, Janies fails to reference any portion of the administrative record or to identify any material facts to create a genuine issue for trial. In contrast, there is ample support in the record for the decision reached by MetLife.

Based on our review of the all the evidence in the administrative record, viewed in the light most favorable to the plaintiff, we conclude that there is clear support for the administrator's decision and the decision is therefore not arbitrary and capricious. As such, we will grant the motion for summary judgment as filed, as we believe that, based on the evidence before the court, no genuine issue of material fact exists as to the denial of Janies's claim for long term disability benefits and that the defendant is entitled to judgment as a matter of law at this juncture.

## IV. CONCLUSION

For the foregoing reasons, MetLife's motion for summary judgment will be GRANTED.

Lake Charles, Louisiana

29 September 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE